IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIDA SAVELESKY, | No. C 11-01778 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR COSTS AND EXPENSES INCURRED AS A RESULT OF REMOVAL** |
| v. | |
| ALLIED PACKING AND SUPPLY, INC., et al., | |
| Defendants. | |

Plaintiff's motion for costs and expenses incurred as a result of removal is currently scheduled for hearing on September 9, 2011. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby DENIES plaintiff's motion.

**BACKGROUND**

Plaintiff Aida Savelesky filed a lawsuit against three named defendants in Alameda County Superior Court on August 6, 2010. *See* Notice of Removal (Doc. 1) ¶ 1. Plaintiff alleged that her husband, Allen Savelesky, worked with asbestos and asbestos containing products, and that her husband then exposed her to that asbestos by carrying it home with him in his clothes and person during his 20-year career at National Steel and Shipbuilding Company (NASSCO). *Id.* ¶ 83. She has now been diagnosed with mesothelioma. *Id.* ¶ 1.

On April 12, 2011, defendant NASSCO removed this case to federal court citing 28 U.S.C. § 1442(a)(1). Defendant based its removal on information gathered at the March 15, 2011 deposition of Manville Laddie Petteys to whom Mr. Savelesky was a supervisor. *Id.* ¶ 3, 4. NASSCO submitted

that it could make a "colorable federal defense" that it was immune as "a government contractor . . . from liability for injuries arising from any exposure to asbestos on board Navy vessels, insofar as they were constructed or repaired by NASSCO." *Id.* ¶ 10. In response, plaintiff moved to remand the case back to Alameda County Superior Court. Pl.'s Mot. to Remand (Doc. 12). Plaintiff argued, inter alia, that defendant was put on notice by an answer to interrogatories served to defendant on February 24, 2011 and, therefore, removal was brought after the thirty day limit had lapsed. *Id.* 8:1-5.

On July 1, 2011, this Court granted plaintiff's motion to remand on the basis that defendant's removal was untimely. Order Granting Mot. to Remand (Doc. 26). The Court determined that the thirty day time period to remove the case to federal court was triggered when Plaintiff Savelesky served defendant NASSCO with answers to defendant's interrogatories. The Court concluded that the interrogatory answer provided defendant NASSCO with the facts used to support removal of this case. That interrogatory answer was served on February 24, 2011. Defendant NASSCO's Notice of Removal was filed on April 12, 2011, seventeen days beyond the thirty day limit.

## LEGAL STANDARD

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

## DISCUSSION

Plaintiff moves for award of costs incurred as a result of defendant's removal. Plaintiff contends that defendant NASSCO lacked an objectively reasonable basis for removal for two reasons: the claims in the case were based purely on state law and the thirty day period had lapsed for bringing a removal.

In its opposition to plaintiff's motion to remand, defendant argued that the deposition of Mr. Petteys on March 15, 2011 was the first evidence to specifically define one location on NASSCO's "premises" at which Mr. Savelesky was exposed to asbestos. Def.'s Opp'n Mot. to Remand 24:21-27.

Defendant argued that as a result of this deposition, defendant was put on notice that it could raise a government contractor defense, and it proceeded to file a Notice of Removal on the belief that it was timely. Although defendant did not prevail on this argument, the Court finds that seeking a removal at that time on that basis was not objectively unreasonable.[1]

## CONCLUSION

For the foregoing reasons, and for cause shown, the Court DENIES plaintiff's motion for costs and expenses incurred as a result of removal. (Docket Nos. 29, 30, 31).

**IT IS SO ORDERED.**

Dated: September 2, 2011

SUSAN ILLSTON
United States District Judge

---

[1] Plaintiff also argues that she should be awarded costs and expenses because of the unusual circumstances of the case – that the removal occurred shortly before trial was set to commence. Because defendant's notice of removal was objectively reasonable and only seventeen days tardy, the Court will not award costs and expenses on this basis.